**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| IN RE ASBESTOS PRODUCTS | : | MDL No. 875 |
| LIABILITY LITIGATION (VI) | : | |
| | : | |
| TERRY & JO ANN CARDARO, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | |
| | : | No. 11-66763 |
| AEROJET GENERAL CORP., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                        **January 29, 2013**

Presently before this Court is Defendant, General Electric Company's, Motion for

Summary Judgment against Plaintiffs, Terry and Jo Ann Cardaro, along with Plaintiffs'

Response in Opposition and Defendant's Reply.  For the reasons set forth below, Defendant's

Motion is denied.

**I.      FACTS**

In 1950 and 1958, Defendant, General Electric Company ("GE"), manufactured, shipped

and supervised the erection of two land-based turbine generators at Louisiana Power & Light's

("LP&L") Nine Mile Point Steam Electric Station.  (Doc. 54-3 ¶ 2-3.)  Plaintiff Terry Cardaro

("Cardaro") worked as a mechanic for LP&L from 1977 to 1982.  (Doc. 66 at 2.)  Plaintiffs,

Terry and Jo Ann Cardaro ("Plaintiffs"), allege that in this capacity, Cardaro "was exposed to

asbestos-containing gaskets, packing, and insulation used in conjunction with GE's turbines,

leading to numerous occasions on which he inhaled asbestos fibers during the regular

maintenance and repair of GE turbines." (Id. at 1.)  Plaintiffs further aver that Cardaro never saw a warning relating to the dangers associated with asbestos containing products.  (Id. at 3.)  Plaintiffs contend that GE, by its own admission, manufactured turbines that contained asbestos and that they knew the turbines were used with asbestos containing products made by others.  (Id. at 4.)

Cardaro was diagnosed with mesothelioma in May of 2004.  (Doc. 104 at 1.)  In September of 2004, Plaintiffs filed a personal injury action against GE alleging that the exposure to asbestos from Cardaro's time working on and around the GE turbine generators led to his malignant mesothelioma.  (Doc. 66 at 1.)

## II.     PROCEDURAL HISTORY

The lengthy and circuitous procedural history of this case is summarized as follows.  On September 2, 2004, Plaintiffs filed a personal injury lawsuit against GE in Dallas County, Texas.  (Doc. 66 at 7.)  The suit was re-filed in Orleans Parish, Louisiana on May 17, 2005, and later removed to the U.S. District Court for the Eastern District of Louisiana on June 29, 2005.  (Id.)  On December 16, 2005, the suit was transferred to the Federal Multidistrict Litigation ("MDL").  (Id.)

The MDL severed Plaintiffs' punitive damages claims and transferred the remainder of the instant matter back to the Eastern District of Louisiana, which subsequently remanded the case back to Orleans Parish, Louisiana on August 27, 2010.  (Id.)  On April 15, 2011, after a Notice of Removal was filed by another defendant in the matter, the case was removed back to the Eastern District of Louisiana.  (Id.)

On June 27, 2011, the Honorable Eduardo C. Robreno ordered the transfer of this case to

2

the Eastern District of Pennsylvania.  (Doc. 1.)  GE filed a Motion for Summary Judgment on

May 10, 2012, arguing that: (1) Plaintiffs' claims are barred by the Louisiana statute of repose,

and (2) GE is entitled to summary judgment due to the sophisticated user/purchaser defense.

(Doc. 54.)  On July 27, 2012, Judge Robreno denied GE's Motion for Summary Judgment as to

the sophisticated user/purchaser defense.[1]  (Doc. 104 at 7.)  However, Judge Robreno noted that

the statute of repose was an unsettled area of Louisiana law, and remanded this issue back to the

Eastern District of Louisiana to decide.  (Doc. 104 at 8.)  Before this issue was decided, the case

was reassigned to this Court on November 26, 2012.  (Doc. 112.)  We now address whether

Plaintiffs' claims are barred by the Louisiana statute of repose.

## III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

of law."  See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks

"whether the evidence presents a sufficient disagreement to require submission to the jury or

whether . . . one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the

---

[1]We conclude that the relevant caselaw within the Third Circuit directs that it would not be appropriate to review Judge Robreno's ruling on this issue.  In re Pharmacy Benefit Managers Antitrust Litig., 583 F.3d 432 (3d Cir. 2009) (finding that law of case doctrine prohibited transferee court from vacating order of transferor court in multidistrict litigation); In re Asbestos Products Liab. Litig., MDL No. 875, 2010 WL 3397472, at *6 (E.D. Pa. Jul. 30, 2010) (holding that under the law of case doctrine a transferee court may not vacate or modify an order of a transferor court except in extraordinary circumstances); Various Plaintiffs v. Various Defendants (Oil Field Cases), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) (orders of transferor court are binding on transferee court); Phila. Hous. Auth. v. Am. Radiator and Standard Sanitary Corp., 323 F.Supp. 381, 383 (E.D. Pa. 1970) (finding that the law of case doctrine is particularly applicable to multidistrict litigation).

basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'"  Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion.  Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996).  If the court determines that there are no genuine issues of material fact, then summary judgment will be granted.  Celotex, 477 U.S. at 322.

## IV.   DISCUSSION

The parties are in agreement that Louisiana law is applicable to this case.  (Doc. 104 at 2.) However, at issue is whether the Louisiana statute of repose, codified at La. Rev. Ann. § 9:2772 (1964) ("§ 2772"), applies as originally enacted in 1964 or as amended in 1990.  This statute acts to extinguish claims that were not filed within a ten-year peremptive period.  La. Rev. Ann.

§ 9:2772 (1990).  As such, our finding as to the applicability of the statute is critical to the viability of Plaintiffs' action.  If we find that the 1990 amendment applies retroactively, as GE argues, then Plaintiffs' claims against GE for the failure to warn of the danger of asbestos are perempted as they fall outside the ten-year period provided under the statute for filing such claims.  In addition, GE argues that, even if we find that § 2772 does not apply retroactively, GE is not liable because the danger from asbestos was either known or easily discoverable by LP&L and that LP&L failed to disclose the hazard.  We now proceed to address these arguments.

    **(A)**    **<u>Does the 1990 amendment to § 2772 apply retroactively to perempt Plaintiffs' claims?</u>**

As originally enacted in 1964, § 2772 stated, in relevant part:

> A.  No action, whether *ex contracto*, *ex delicto*, or otherwise, to recover on a contract or to recover damages shall be brought against any person . . . performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:

> > (1)    More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or

> > (2)    If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner;

> B.  The causes which are perempted within the time described above include any action . . .

> > (3)    For injury to the person or from wrongful death arising out of any such deficiency; and . . .

> > This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other

person.

La. Rev. Ann. § 9:2772 (1964).

In 1990, the statute was amended as follows:

> A.  No action, whether *ex contracto*, *ex delicto*, or otherwise, **including but not limited to an action for failure to warn,** to recover on a contract or to recover damages shall be brought against any person . . . performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
>
>> (1)     More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
>>
>> (2)     If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner;
>
> B.  The causes which are perempted within the time described above include any action . . .
>
>> (3)     For injury to the person or from wrongful death arising out of any such deficiency; and . . .
>>
>> This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, and whether brought by the owner or by any other person.

La. Rev. Ann. § 9:2772 (1990) (emphasis added).

The laws of Louisiana define peremption as a "period of time fixed by law for the existence of a right." La. C.C. art. 3458.  Unless timely exercised, the cause of action is extinguished upon the expiration of the peremptive period. Id.  Here, Plaintiffs' claims derive from his alleged exposure to asbestos while working at LP&L from 1977 to 1982.  (Doc. 66 at 1-2.)  Thus, if Plaintiffs' claims against GE for the failure to warn of the danger of asbestos

6

exposure are not exempted from the peremptive effect of § 2772, their claims will be extinguished since the ten-year filing period expired long ago.

GE contends that summary judgment is appropriate in this case because Plaintiffs' claims are explicitly barred from any exemption to the ten-year peremption period under the 1990 amended version of the Louisiana statute of repose.[2]  Specifically, GE asserts that the Legislature's amendment acts to clarify the statute and plainly sets forth a preclusion of any claims stemming from a failure to warn, thus destroying this exception to the peremptory period. Accordingly, GE argues that Plaintiffs' claim (i.e., failure to warn of the danger of asbestos containing products) is subject to the ten-year peremption period of § 2772, and is therefore, not actionable.  In response, Plaintiffs argue that their claims are permitted as exceptions to peremption under the 1964 statute, and that the 1990 amended version of the statute does not apply retroactively to bar such claims.

Intermediate courts in the state of Louisiana are split on whether the 1990 amendment applies retroactively in failure to warn cases.  In Claiborne v. Rheem Mfg. Co., 579 So.2d 1199 (La. App. 5th Cir. 1991), a case involving peremption of actions relating to inspections services, § 2772 was found to preclude any failure to warn claims, even those filed before the statute's amendment in 1990.  In a short opinion the Fifth Circuit Court of Appeal of Louisiana asserted, "[I]t is not necessary to decide whether this amendment should be applied retroactively since it is clear the amendment merely articulated the substance of the act."  Claiborne, 579 So.2d at 1199. The Court then proceeded to dismiss the plaintiff's claims holding that they were perempted

---

[2]See La. Rev. Ann. § 9:2772 (1990) ("No action . . . including but not limited to an action for failure to warn . . . shall be brought against any person" after the conclusion of the applicable ten-year period).

because they fell outside the ten-year non-peremption period.  Id.  The Third Circuit Court of

Appeal of Louisiana held the opposite in a case involving a failure to warn of the danger from

asbestos exposure.  Curtis v. Branton Indus., Inc., 944 So.2d 716 (La. App. 3rd Cir. 2007).  In

Curtis, the Court found that the 1990 amendment to § 2772 was substantive because it was in

response to and enacted with the intention of destroying a right that the Supreme Court of

Louisiana found existed in Bunge Corp. v. GATX Corp., 557 So.2d 1376, 1385 (La. 1990)

(finding that the failure to warn is a fraud which falls within the exceptions to peremption under

§ 2772).  Since the amendment was substantive, the Court held that it only applied prospectively.

Curtis, 944 So.2d at 724.  Thus, the plaintiffs were permitted to proceed against the defendant for

the failure to warn of the dangers of asbestos.  Id.

        These cases are indicative of the unsettled nature of judicial opinion in Louisiana on this

issue.  See Harris v. Black Clawson Co., 961 F.2d 547, 554 (La. App. 5th Cir. 1992) (noting that

there was no decisive precedent on the retroactivity of the 1990 amendment).  As in our case,

when an issue has not been addressed by the state's highest court, "we must predict how the

state's highest court would resolve the issue."  Wayne Moving & Storage of N.J., Inc. v. Sch.

Dist. of Phila., 625 F.3d 148, 154 (3d Cir. 2010).  The parties agree that the laws of the state of

Louisiana are controlling.  Accordingly, we must predict how we believe the Supreme Court of

Louisiana would rule as to the retroactivity of the 1990 amendment to § 2772.

        The Supreme Court of Louisiana set forth in Cole v. Celotex Corp., 599 So.2d 1058 (La.

1992), a two-part inquiry to ascertain whether a law applies retroactively.  See also Sudwischer v.

Estate of Paul C. Hoffpauir, 705 So.2d 724, 728 (La. 1997) cert denied, 524 U.S. 940 (1998);

Manuel v. La. Sheriff's Risk Mgmt. Fund, 664 So.2d 81, 86 (La. 1995).  Initially, the court must

determine whether the legislature expressed an intent concerning whether the amendment is to be applied prospectively or retroactively.  Sudwischer, 705 So.2d at 728.  If the legislature has exhibited such an intention, the analysis ends and courts are to follow the legislature's lead.  Id.  However, if no intent is explicitly communicated by the legislature, the court must discern the legislature's intent and classify whether the law is substantive, interpretative or procedural.  Id.  "Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that 'establish new rules, rights and duties or change existing ones.'"  Id. at 729 (quoting Manuel, 664 So.2d 81 at 86).  "Interpretative laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted."  Id. (quoting 664 So.2d at 86).  "Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws."  Id. (quoting Rousselle, 633 So.2d at 1244).  Notwithstanding this dual pronged analysis and even in spite of a clear expression by the legislature that the statute is to be given retroactive effect, the law may not be applied retroactively if it would impair contractual obligations or disturb vested rights.  Smith v. Bd. of Trs. of La. State Employees' Retirement Sys., 851 So.2d 1100 (La. 2003).

It is clear from the language of § 2772 as amended in 1990 that the Legislature has not expressed a clear intent that the statute apply retroactively.  Consequently, we must discern the legislature's intent and classify whether the law is substantive, interpretative or procedural.  Sudwischer, 705 So.2d at 728; see also Unwired Telecom Corp. v. Parish of Calcasieu, 903 So.2d 392, 405 (La. 2005) (stating that it is the province of the judiciary to determine whether "a statute enacted by the Legislature consists of substantive, procedural, or interpretive law for purposes of the statute's application").

9

GE submits that this Court should apply the Fifth Circuit Court of Appeal of Louisiana's holding in Claiborne that the 1990 amendment "merely articulated the substance of the act," and, therefore, it is not "necessary to decide whether this amendment should be applied retroactively." Claiborne, 579 So.2d at 1200.  We construe GE's argument and the holding of Claiborne to assert that the 1990 amendment was interpretative.  Thus, it would apply retroactively, and Plaintiffs' claims would be perempted.  However, in order to reach this conclusion we would have to contradict the Supreme Court of Louisiana's ruling in Unwired Telecom Corp. v. Parish of Calcasieu, 903 So.2d 392 (La. 2005).  In light of our task of predicting the Supreme Court of Louisiana's ruling in the matter before this Court, we cannot reach the conclusion that GE predicates their argument upon.

In Unwired Telecom, the Supreme Court of Louisiana held that the Legislature's passing of a new law with the intent to abrogate an appellate courts' interpretation and application of a statute bore separation of power implications.  Unwired Telecom Corp., 903 So.2d at 406.  The Court found that, though the Legislature had the power to change the law after the appellate courts' ruling, the changes could only apply prospectively regardless of any indication by the Legislature to the contrary.  Id.  The Court reasoned that "statutory construction and interpretation of legislative acts is solely a matter of the judicial branch of government" and that it is "not within the province of the Legislature to interpret legislation after the judiciary has already done so."  Id. at 405-06.  Thus, the retroactive application of a legislative act, whose intent is to retract the prior ruling of a court, is unconstitutional as it invades the province of the judiciary.  Id.; see also Marbury v. Madison, 5 U.S. 137, 177 (1803) (declaring "[i]t is emphatically the province and duty of the judicial department to say what the law is").

10

The case before this Court mirrors <u>Unwired Telecom</u>.  In March of 1990, the Supreme

Court of Louisiana held in <u>Bunge Corp. v. GATX Corp.</u>, 557 So. 2d 1376 (La. 1990) that:

> there is a duty of disclosure placed upon the builder who
> subsequent to sale acquires knowledge of a hazard which arises
> from the ordinary usage of his construction and which creates a
> danger of personal injury or property damage.  In failing to disclose
> information which the defendant in good faith is bound to reveal,
> the builder who does not disclose is guilty of bad faith.  If an owner
> can show that his builder was guilty of misrepresentation based on
> breach of the duty to disclose, then the statutory exception would
> be operable and the peremptive period would not apply.  Thus a
> claim based on this breach fits within the exception for fraud built
> into the statute (§ 2772(H)(1)), and the owner's cause of action will
> not be perempted.

<u>Bunge Corp.</u>, 557 So. 2d 1385.

After the <u>Bunge Corp.</u> ruling recognized the failure to warn exception, the Louisiana

Legislature acted quickly to amend § 2772 in July 1990 to destroy this finding.  <u>See</u> La. Rev.

Ann. § 9:2772 (1990).  The close temporal proximity between the Supreme Court's ruling and

the Legislature's amendment and the explicit language destroying the failure to warn exception

support the conclusion that the Legislature was interpreting legislation after the judiciary has

already done so.  <u>See</u> <u>Curtis</u>, 944 So.2d at 721.  The United States District Court for the Eastern

District of Louisiana confirmed this conclusion in asserting that "the <u>Bunge</u> ruling has been

legislatively overruled." <u>GHR Energy Corp. v. Carboline Co.</u>, 744 F. Supp. 1405, 1407 (E.D. La.

1990).  In light of this finding, separation of powers implications bar GE's argument that the

1990 amendment to § 2772 applies retroactively.  Rather, we find that the retroactive application

of the 1990 amendment is an unconstitutional encroachment by the Legislature into the domain

of the judiciary, and in direct contravention of the holding of the Supreme Court of Louisiana in

11

Unwired Telecom.  Unwired Telecom Corp., 903 So.2d at 406.

We agree with Plaintiffs' argument that the 1990 amendment was substantive because its purpose was to "establish new rules, rights and duties or change existing ones," and therefore, it applies only prospectively.  See Sudwischer, 705 So.2d at 729 (quoting Manuel, 664 So.2d 81 at 86).  Plaintiffs' rely on Curtis v. Branton Indus., Inc., 944 So.2d 716 (La. App. 3rd Cir. 2007), which we find particularly instructive as it mirrors the case before this Court (i.e., plaintiff's action for the failure to warn of the danger of asbestos exposure).  We are in agreement with the Curtis Court's holding that "the purpose of the 1990 Act was to destroy a right that the Supreme Court found existed in Bunge."  Curtis, 944 So.2d at 724; see also GHR Energy Corp., 744 F. Supp. at 1406 (noting that the Louisiana legislature in the 1990 amendment specifically eliminated this judicially created exception by amending § 2772).  Consequently, the amendment was substantive and could not be applied retroactively.  Id.

Our finding aligns with the general rule against the retroactivity of legislative enactments promulgated by Louisiana law.  See La. Rev. Stat. Ann. § 1:2 (no section of the Revised Statutes is retroactive unless it is expressly stated); see also Rousselle v. Plaquemines Parish Sch. Bd., 633 So.2d 1235, 1244 (La. 1994) (interpreting La. Civ. Code Ann. art. 6 (1988)).  Article 6 of the Louisiana Civil Code enunciates this generality by directing that in the absence of statutory expression stating differently, substantive laws apply prospectively only.  See art. 6.  As noted previously, § 2772 is silent as to any retroactive application, and in the absence of this direction, we find the substantive amendment to apply only prospectively.  Accordingly, Plaintiffs' claims survive, and summary judgment for GE is not warranted on these grounds.

**B.**     **Are Plaintiffs' claims against GE precluded because the danger from asbestos was either known or easily discoverable by LP&L and LP&L failed to disclose the hazard?**

GE contends that even if the 1990 revision does not apply, Plaintiffs' failure to warn claims are nonetheless perempted because <u>Bunge</u> specifically held that "the only situation where the peremptive period will not apply is that in which a builder is in bad faith because he acquired knowledge of a hazard not reasonably discoverable through the owner's diligence and failed to disclose." (Doc. 54 at 9) (quoting <u>Bunge</u>, 557 So.2d at 1387). GE asserts that the hazard was reasonably discoverable through LP&L's diligence and that LP&L failed to disclose the danger. In sum, GE's argument is that "there is no bad faith failure to disclose a hazard to an owner, so peremption is still applicable." (Doc. 54 at 10.) In response, Plaintiffs' question the substance and admissibility of the evidence supporting GE's argument.[3] With due consideration to each of these respective arguments, we find that whether LP&L knew or should have known through diligent attention of the danger posed by asbestos at the time of the alleged exposure is a question of fact. Since there is a genuine issue as to a material fact, summary judgment is not appropriate in this case. Fed R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 322.

Finally, the Supreme Court of Louisiana has exhibited a predilection toward the action we are taking in this case. In Louisiana there is a strong preference for full trial on the merits, and summary judgment is to be sparingly granted. <u>Sassone v. Elder</u>, 626 So.2d 345, 352 (La. 1993). In regard to peremptive statutes, the Supreme Court of Louisiana has exhibited the general notion

---

[3]Specifically, Plaintiffs' aver that "GE has not provided one iota of admissible evidence to its claims that LP&L was actually aware of the hazards of asbestos at the time of the exposures because . . . the testimony of Gus Von Bodungen is inadmissible and the citation to Plaintiffs' petition is not evidence." (Doc. 66 at 13.) At this time, it is not necessary to rule on either issue as we have determined that summary judgment is not appropriate.

13

that such statutes should be "strictly construed against peremption and in favor of the claim," and that of the "possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted." <u>Rando v. Anco Insulations, Inc.</u>, 16 So.3d 1065 (La. 2009).  In consideration of these factors, we find that summary judgment is not appropriate in this case.

## V.   <u>CONCLUSION</u>

For the aforementioned reasons, we find that the Louisiana Statute of Repose § 2772 does not perempt Plaintiffs' claims, and that a genuine issue of material fact exists in this case. Consequently, GE's Motion for Summary Judgment is denied.

An appropriate Order follows.

14